# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CR-11-00099-001-HE |
| | ) | NO. CIV-14-0545-HE |
| CORY DEVON WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Cory Devon Washington pled guilty to two firearms charges – possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g) and possessing an unregistered firearm. The court applied the sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and sentenced defendant to fifteen years imprisonment. Defendant appealed and the Tenth Circuit affirmed his conviction and sentence. United States v. Washington, 706 F.3d 1215 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 2406 (2013). After the Supreme Court denied certiorari, defendant filed a motion seeking habeas relief pursuant to 28 U.S.C. § 2255.

A defendant convicted of violating 18 U.S.C. § 922(g), is subject to a minimum mandatory sentence of fifteen years under the ACCA if he has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The Act defines a violent felony in part as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> (i) has as an element the use, attempted use, or threatened use of

> physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2)(B). "[T]he term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." *Id.* § 924(e)(2)(C).

The three convictions the court relied on to enhance defendant's sentence were: an adult conviction for assault and battery with a dangerous weapon, an adult conviction under Oklahoma law for second degree burglary, and an Oklahoma juvenile adjudication for pointing a weapon. Defendant objected to the application of the juvenile adjudication to support the sentencing enhancement both in this court and on appeal.[1] He argued on appeal that "the government did not establish his juvenile adjudication was for a felony, rather than a misdemeanor, violation of state law;" that "Oklahoma juvenile adjudications generally do not qualify as convictions under the ACCA;" and that "his juvenile adjudication was dismissed after he served his five-month term of probation, rendering the action a nullity under Oklahoma law and preventing its use as a predicate conviction under the ACCA." Washington, 706 F.3d at 1217. The Tenth Circuit rejected all three arguments.

Defendant now asserts that he is entitled to habeas relief because his counsel was ineffective in failing to challenge the use of the burglary conviction as a predicate conviction. He also asserts his attorney should have objected to the use of his juvenile adjudication as a predicate offense due to lack of evidence that it was a "prior felony conviction" as the term

---

[1]*The use of the juvenile adjudication as a predicate conviction was the only ground urged on appeal.*

2

is defined by United States Sentencing Guideline ("U.S.S.G.") § 4B1.2's commentary.[2]

To succeed on an ineffective assistance of counsel claim, a defendant "must show both that his counsel's performance 'fell below an objective standard of reasonableness' *and* that 'the deficient performance prejudiced the defense.'" Byrd v. Workman, 645 F.3d 1159,1167 (10th Cir. 2011) (quoting Strickland v. Washington, 466 U.S. 668, 687–88 (1984). To establish prejudice a defendant "must establish that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Id.* at 1168 (internal quotations omitted). Courts can "address these two prongs in any order, and failure under either is dispositive." *Id*. As defendant cannot establish the second prong with respect to either claim of ineffective assistance of counsel, the court's inquiry ends there.

In his first ground for relief, defendant argues that his second degree burglary conviction did not constitute a "violent felony" as required for a predicate conviction under the ACCA. He argues that 18 U.S.C. § 921(a)(20) requires the court to look to state law in determining whether a conviction is a violent felony and that Oklahoma law, specifically 21 Okla. Stat. § 1435, identifies second degree burglary as a non-violent felony. He also contends, relying on the Supreme Court's recent decision in Descamps v. United States, 133 S. Ct. 2276 (2013), that his state burglary conviction does not qualify as a violent felony because the "state statutory definition defines a burglary offense that is indivisible and

---

[2]*Although neither issue was raised on direct appeal, claims of ineffective assistance of counsel are not subject to procedural bar. United States v. Miller, 539 Fed. Appx. 874, 875 (10th Cir. Sept. 24,2013).*

3

broader than the ACCA's generic version." Doc. #65, p. 4. Neither argument is persuasive.

Defendant misconstrues § 921(a)(20). "Under 18 U.S.C. § 921(a)(20), courts must look to state law only to determine if a defendant has been convicted of a felony and if so, whether his conviction has been set aside, expunged, or for which he has been pardoned or had his civil rights restored." United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) In other words, state law determines whether a conviction has occurred and what constitutes a felony, but does not determine whether the felony was "violent." That term is explicitly defined as a matter of federal law, and includes, among other crimes, the crime of "burglary." 18 U.S.C. § 924(e)(2)(B). Section 921(a)(20) does not entitle defendant to habeas relief.

Defendant's reliance on Descamps also fails. Descamps precludes reliance on a predicate conviction where the statute of conviction "contain[s] a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense," Descamps, 133 S.C. at 2283. Where a broader and "indivisible" statute is involved, the court may not use the "modified categorical approach" to determine whether the conviction qualifies as a violent felony for purposes of the ACCA.

Only a conviction for generic burglary– an "'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" *id.* (quoting Taylor v. United States, 495 U.S. 575, 599 (1990), may serve as a predicate offense under the ACCA. United States v. Parnell, 165 Fed. Appx. 634, 635 (10th Cir. Feb. 2, 2006). The statute under which defendant was convicted, 21 Okla. State. § 1435, defines second-degree burglary as:

Every person who breaks and enters any building or any part of any

4

> building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree. commit any felony, is guilty of burglary in the second degree.

This definition "is broader than generic burglary because it includes actions beyond the scope of generic burglary, such as breaking and entering into automobiles and vending machines." United States v. Cartwright, 678 F.3d 907, 912 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 452 (2012). However, contrary to defendant's assertion, § 1435 is a divisible statute. *See* United States v. Bias, 2014 WL 2922671, at *2-3 (10th Cir. June 30, 2014); United States v. Wright, 2014 WL 1924605, at * 2-4 (10th Cir. May 15, 2014). It lists potential offense elements in the alternative. *See* Descamps, 133 S.Ct. at 2281 (A divisible statute "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile."). Because one of those alternatives corresponds to the elements of generic burglary, but another, for example, entry into a truck, does not, the sentencing court may apply a modified categorical approach and "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.; see* Cartwright, 678 F.3d at 911-122; Parnell, 165 Fed. Appx. at 635-36. That means the court may consider the Information underlying defendant's second degree burglary conviction to ascertain whether the offense he was convicted of qualified as a violent felony.

At sentencing the court "adopt[ed] the presentence report as the findings of the Court

5

on all undisputed factual matters referenced in it," Doc. #57-1, p. 40. The report included the statement, not objected to by defendant, that "[a]ccording to the Information, on or about September 26, 1994, the defendant kicked in two front doors to a building located in Hobart, Oklahoma, with the intent to steal property from the building." Doc. #32, para. 35. Further, the court has since examined the Information and it is consistent with the description in the presentence report.[3] The Information, Doc. #71-1, p.2, makes clear that defendant was charged with entry into a "building or structure" and was hence "convicted of a crime having the basic elements of generic burglary."[4] The second degree burglary conviction therefore qualifies as an ACCA predicate offense. Defendant's attorney did not render ineffective assistance by failing to challenge that conviction. *See* Parnell, 165 Fed.Appx. at 635-36.

Defendant's second ground for relief is based on the commentary to U.S.S.G. § 4B1.2, which provides that a juvenile conviction is not considered to be a prior felony conviction unless "it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." *Id.* Defendant claims his attorney should have objected to the court's consideration of his juvenile conviction as a predicate offense because no documents were "presented to the district court as evidence that the prior juvenile offense was classified as an adult conviction by the juvenile court." Doc. # 65, p. 5. The problem with defendant's

---

[3]*The Information was not submitted of record at time of sentencing, in light of the absence of any challenge to it from defendant. The court ordered the record supplemented in connection with the current motion. .*

[4]*In defendant's written plea agreement, in which he pleaded guilty to second degree burglary, defendant wrote, as the factual basis for his plea, that he "broke into the house of 729 West Iris and took some property." Doc. #71-1, p. 6.*

argument is that he was not sentenced as a "career offender" to whom U.S.S.G. 4B1.2 and its definition of "crime of violence" applies. Rather, he was sentenced as an "armed career criminal" under § 924(e). What constitutes a "violent felony" for purposes of that statute is set out in the statute and in the separate guideline directed to it. U.S.S.G. § 4B1.4. *See* United States v. Polk, 229 Fed.Appx. 776, 777 (10th Cir. 2007). The commentary to § 4B1.4 states that:

> This guideline applies in the case of a defendant subject to an enhanced sentence under 18 U.S.C. § 924(e). Under 18 U.S.C. § 924(e)(1), a defendant is subject to an enhanced sentence if the instant offense of conviction is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a "violent felony" or "serious drug offense," or both, committed on occasions different from one another. The terms "violent felony" and "serious drug offense" are defined in 18 U.S.C. § 924(e)(2). It is to be noted that the definitions of "violent felony" and "serious drug offense" in 18 U.S.C. § 924(e)(2) are not identical to the definitions of "crime of violence" and "controlled substance offense" used in § 4B1.1 (Career Offender) . . . .

U.S.S.G. § 4B1.4. As noted above, the pertinent definition includes certain acts of juvenile delinquency. Defendant's attorney was not ineffective for failing to challenge the juvenile conviction on the basis of Sentencing Guideline 4B1.2.

As the objections defendant now raises as to the application of the ACCA lack merit, defense counsel's failure to press those objections previously did not prejudice him. Defendant has not demonstrated that his counsel's performance was constitutionally deficient. He is therefore not entitled to habeas relief.

Accordingly, defendant's § 2255 motion is **DENIED**. The court also denies a certificate of appealability, as it concludes defendant has not made "a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 5th day of September, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE