# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-11-00099-001-HE |
| CORY DEVON WASHINGTON, | ) | |
| Defendant. | ) | |

## **ORDER**

Petitioner Cory Devon Washington has filed this second application for writ of habeas corpus, challenging his criminal sentence. In 2011, petitioner pled guilty to two criminal charges: (1) being a felon in possession of a firearm and (2) knowingly possessing a destructive device not registered to him. The presentence report detailed his lengthy criminal history, which included a juvenile adjudication for pointing a weapon and adult convictions for assault and battery with a dangerous weapon and second degree burglary. The report recommended sentence enhancement under the Armed Career Criminal Acts ("ACCA") 18 U.S.C. § 924, as those incidents qualified as violent felonies. The court adopted the presentence report and sentenced petitioner to concurrent terms of 180 months and 120 months in prison. His sentence was affirmed on appeal in 2012.

Petitioner sought relief under 28 U.S.C. § 2255 in 2014, arguing that his counsel was ineffective for not raising issues related to his juvenile adjudication and burglary convictions. The court denied relief.

Pursuant to 28 U.S.C. § 2254, petitioner has now sought authorization from the Tenth Circuit to file a second application for a writ of habeas corpus in order to raise claims under Johnson v. United States, 135 S. Ct. 2574 (2015). The Tenth Circuit granted petitioner's request and petitioner filed his second application for a writ of habeas corpus. For the reasons stated below, petitioner's application is denied.

## Analysis

Second or successive habeas applications can only be presented to a federal district court if the petitioner has fulfilled the requirements of 28 U.S.C. § 2244(b). First, a petitioner can only bring a claim that is based on a new rule of constitutional law or asserts new factual evidence of innocence. *Id*. § 2244(b)(2). A petitioner must then obtain authorization from the appropriate court of appeals to present the claims in district court. *Id*. § 2244(b)(3)(A). However, the court of appeals panel only determines whether the application makes a *prima facie* showing that it fulfills the applicable requirements. *Id*. § 2244(b)(3)(C). The district court must still examine the application, and shall dismiss "any claim presented . . . unless the applicant shows that the claim satisfies" the requirements of Section 2244. In short, as relevant in this case, Section 2244 requires the petitioner to identify a claim based on a new rule of constitutional law, obtain approval to present that claim to the district court, and show the district court that the application meets those two requirements. Otherwise, the district court must dismiss the application. Petitioner's application fails to satisfy these requirements.

The petitioner's claim does not rely on a new rule of constitutional law, at least not the new rule that Tenth Circuit cited when it authorized his successive application. The Tenth Circuit specifically gave petitioner permission to raise a claim under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). [Doc. #74] at 2. <u>Johnson</u> involved a vagueness challenge to the ACCA's "residual clause." The ACCA allows for sentence enhancement when a person convicted of being a felon in possession of a firearm has three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA defines violent felonies to include offenses that include the threat or use of physical force against another person. The definition also includes burglary, arson, or extortion, and crimes that involve the use of explosives. Finally, the ACCA says that any offense which "otherwise involves conduct that presents a serious potential risk of physical injury to another" qualifies as a violent felony. *Id.* § 924(e)(2)(B)(ii). This catch-all phrase is called the residual clause. In <u>Johnson</u>, the Supreme Court determined that the residual clause was unconstitutionally vague. 135 S. Ct. at 2557. The Supreme Court noted, however, that <u>Johnson</u> did not affect the ACCA's treatment of the enumerated offenses of burglary, arson, extortion, use of explosives as violent felonies, or offenses that included a threat or use of physical force against another person. *Id.* at 2563.

Petitioner fails to raise any <u>Johnson</u> claims, as he does not allege than any of his predicate convictions rested on the now invalid residual clause of the ACCA. His claims regarding his burglary and assault and battery with a dangerous weapon convictions are that those convictions are not proper predicates under <u>Mathis v. United States</u>, 136 S. Ct.

3

2243 (2016). Those Mathis-based claims are barred for two reasons. First, the Tenth Circuit recently held, in an unpublished case, that Mathis did not announce a new substantive rule. United States v. Taylor, __F. App'x__, 2016 WL 7093905 at *4 (10th Cir. Dec. 6, 2016). Therefore, petitioner "cannot rely on [Mathis] in a [second or successive habeas] petition filed [over three] years after the judgment in his criminal case became final." Id. Second, even if Mathis did introduce a new substantive rule, petitioner still failed to satisfy the requirements of Section 2244 because he did not obtain authorization from the circuit to raise a Mathis claim. The Tenth Circuit specifically limited the successive application to claims under Johnson. [Doc. #74] at 2. Petitioner presents no argument or evidence showing that the court relied on the residual clause in finding that those convictions were violent felonies. Therefore petitioner fails to raise a Johnson claim.[1]

Petitioner's claim regarding his juvenile adjudication is also not authorized under the Tenth Circuit's order. Petitioner does not claim that the court relied on the residual clause to determine that the incident was a violent felony, but instead focuses on whether that incident was a conviction. That is not a claim arising under Johnson, and is therefore not authorized by the Tenth Circuit's order.

---

[1] *Petitioner tries to skirt this issue by claiming that declining to address the Mathis issues could trigger potential due process, equal protection, and Eighth Amendment concerns. Those concerns do not persuade the court that it can ignore the requirements of 28 U.S.C. § 2244 or Tenth Circuit authority.*

4

## Conclusion

Petitioner has failed to show that his successive application for a writ of habeas corpus meets the requirements of 28 U.S.C. § 2244. As such, the application is **DISMISSED**.

**IT IS SO ORDERED**

Dated this 20th day of March, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE